No. 3817.—TOM BYNUM, Administrator, v. CAROLINE BYNUM, Administratrix.

*The parish court has no jurisdiction in a contest between two successions, where one claims an amount of money from the other above five hundred dollars.*

APPEAL from the Parish Court, parish of Rapides. *H. L. Daigre,* Parish Judge. *R. J. Bowman,* for appellant. *R. A. Hunter* and *J. G. White,* for appellee.

LUDELING, C. J. The petition represents that Polycarp Lemothe died in 1859, leaving a plantation with a large number of mules, cattle and sheep thereon, and two thousand bushels of corn and seventy bales of cotton, all of which was taken possession of by Edith Lemothe as survivor and usufructuary. That Edith died in 1869 without accounting for the personal property. Petitioner claims that the land and property above mentioned was community property, and as the representative of Polycarp Lemothe's succession claims to be entitled to an undivided half of the land, which he prays may be partitioned

and for a judgment for the value of one-half of the said personal property against the succession of Edith Lemothe.

The defentant filed a plea to the jurisdiction of the parish court, which was sustained, and the plaintiff has appealed.

This is substantially a suit by one succession against another succession to recover real property, and for a judgment for the value of personal property, disposed of by the deceased widow, exceeding in amount five hundred dollars. The plaintiff's attorney insists that this case is similar to the case of Pennisson v. Pennisson, reported 22 An. 131, in which we held that the parish court had jurisdiction. The facts of the two cases are entirely different. In the latter case nothing was asked for but a partition of the property of the successions among the co-heirs themselves. In the present suit, the succession of Edith, Polycarp is sought to be made responsible for a large amount of money, the value of personal porperty, which she received and disposed of after the death of her husband. In the Pennisson case the contest was among the heirs alone; in the present suit, it is between the administrators of two successions. See 15 La. 456. Badon's Heirs v. Faucher et al. 16 La. 89; 8 R. 18; Stewart v. Pickard; Constitution, article 87.

It is therefore ordered that the judgment of the court a qua be affirmed with costs of appeal.